James E. Harward (Utah Bar #4702)
W. Earl Webster (Utah Bar #12274)
HARWARD & ASSOCIATES
10542 South Jordan Gateway, Suite 300
South Jordan, Utah 84095
Tel. (801) 506-3800
Fax: (801) 795-7440
Email: earl.webster@harwardlaw.com
*Counsel for the Plaintiff*

Ali Parvaneh (California Bar #218320)
aparvaneh@madisonharbor,com
James S. Sifers (California Bar #259105)
jsifers@madisonharbor.com
MADISON HARBOR ATTORNEYS
17702 Mitchell North
Irvine, CA 92614
Tel: (949) 756-9050
Fax: (949) 756-9060
*Counsel for the Plaintiff – Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT**

| | |
|---|---|
| NOBLE GATE INDUSTRIAL (SHENZHEN) CO. LTD.<br>   Plaintiff;<br><br>v.<br><br>CIRTRAN CORP. and PLAY BEVERAGES, LLC<br>   Defendants. | **ANSWER TO COUNTERCLAIM BY CIRTRAN CORP.**<br><br><br><br><br>Case No. 2:14-cv-00132-TS |
| CIRTRAN CORP.<br>   Counterclaimant<br>v.<br><br>NOBLE GATE INDUSTRIAL (SHENZEN) CO. LTD.<br>   Counterclaim Defendant | Judge Ted Stewart |

COMES NOW Plaintiff/Counterclaim Defendant Noble Gate Industrial (Shenzhen) Co. Ltd. ("Noble Gate"), by and through its counsel of record and respectfully answers the counterclaim filed by Defendant/Counterclaimant CirTran Beverage Corp. ("CirTran") filed with the Court May 12, 2014.[*]

## ALLEGATIONS

1. Noble Gate admits the allegations in this paragraph.

2. Noble Gate admits the allegations in this paragraph.

3. Noble Gate is without first-hand knowledge regarding the allegations in this paragraph. Therefore, Noble Gate denies all allegations in the paragraph for lack of knowledge.

4. Noble Gate admits the allegations in this paragraph.

5. Noble Gate states and affirms the document speaks for itself.

6. Noble Gate admits the document states it amends the Agreement between Noble Gate and CirTran. As to all other allegations in the paragraph, Noble Gate states and affirms the document speaks for itself.

7. Noble Gate denies the document "extended the Effective Date to April 1, 2013 for commencement of the Minimum Sales requirement" stating the document speaks for itself to the effect it extended the effective date of the Agreement as a whole. As to all other allegations in this paragraph, Noble Gate states and affirms the document speaks for itself.

---

[*] The proceedings in this matter were stayed until October 15, 2014. Hence the delay in Noble Gate filing this answer

8. Noble Gate admits Mr. El-Badaoui paid the $100,000 royalty as described. Noble Gate denies all other allegations contained in this paragraph on the grounds Noble Gate did not owe an enforceable obligation to CirTran and/or Play Beverages.

9. Noble Gate admits it did not pay CirTran the amount described but denies it "failed to pay" an amount due in as much as Noble Gate did not owe an enforceable obligation to CirTran and/or Play Beverages.

10. Noble Gate admits it continues to not pay CirTran the amount described but denies it is "refus[ing] to remit [a] payment" due in as much as Noble Gate did not owe an enforceable obligation to CirTran and/or Play Beverages.

11. Noble Gate states and affirms the document speaks for itself.

12. Noble Gate is unable to locate evidence it received the alleged notice and therefore can neither confirm nor deny the veracity of this allegation. Noble Gate must, accordingly, deny the allegation.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

13. Noble Gate restates and reaffirms each and every admission, denial, and/or explanation in paragraphs 1 through 12 as though set forth fully and separately herein.

14. This paragraph contains one or more legal conclusion for which a response is not required. To the extent the paragraph may contain allegations of fact, Noble Gate denies such allegations.

15. This paragraph and its various subparagraphs contain one or more legal conclusion for which a response is not required. To the extent the paragraph and subparagraphs may contain allegations of fact, Noble Gate denies such allegations.

16. This paragraph contains one or more legal conclusion for which a response is not required. To the extent the paragraph may contain allegations of fact, Noble Gate denies such allegations.

17. This paragraph contains one or more legal conclusion for which a response is not required. To the extent the paragraph may contain allegations of fact, Noble Gate denies such allegations.

**SECOND CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

18. Noble Gate restates and reaffirms each and every admission, denial, and/or explanation in paragraphs 1 through 17 as though set forth fully and separately herein.

19. Noble Gate admits the document amends the prior Agreement. All other statements in this paragraph constitute legal conclusions for which no response is required. To the extent such statements may contain allegations of fact, Noble Gate denies such allegations.

20. Noble Gate admits the allegations contained in this paragraph.

21. Noble Gate denies that its officers acted or failed to act in any manner inconsistent with the terms and expectations of the Agreement. Rather, as more fully explained below, Noble Gate affirmatively states the dishonesty, obfuscation, and duplicity of CirTran and Play Beverages were the actual and proximate causes of any harms CirTran and/or Play Beverages may have experienced.

22. This paragraph contains one or more legal conclusion for which a response is not required. To the extent the paragraph may contain allegations of fact, Noble Gate denies such allegations.

23. This paragraph contains one or more legal conclusion for which a response is not required. To the extent the paragraph may contain allegations of fact, Noble Gate denies such allegations.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Cause for Which Relief May Be Granted

CirTran has not alleged facts sufficient to fulfill all of the elements of the causes of action claimed. Accordingly, CirTran has not stated any action for which this court may grant relief.

## SECOND AFFIRMATIVE DEFENSE
### Fraud

Noble Gate agreed to the terms of the Agreement for the express purpose of obtaining a legally enforceable right to use the name "Playboy" and the bunny head logo on beverages Noble Gate intended to distribute. CirTran and Play Beverages affirmatively represented they could provide Noble Gate with just such an enforceable right. Thereby, CirTran and Play Beverages induced Noble Gate to accept the Agreement.

On the date of the Agreement, and for a substantial time preceding, Play Beverages and CirTran had not only been divested of the authority to grant access to the "Playboy" name and the bunny logo, they were under strict orders to cease and desist from representing that they had the authority. Thus, CirTran and Play Beverages had actual knowledge that the representations made to Noble Gate were false. To wit, the Agreement was obtained fraudulently and is, consequently, void and unenforceable.

### THIRD AFFIRMATIVE DEFENSE
### Failure of Consideration

The documents appended to the counterclaim amend the Agreement but do not supplant it. The only consideration afforded to Noble Gate in support of the Agreement was an alleged ability of CirTran and Play Beverages to provide Noble Gate with a legally enforceable right to use the name "Playboy" and the rabbit head logo. As more fully explained in the Complaint, CirTran and Playboy Beverages did not deliver the promised consideration because they did not have authority to do so. Accordingly, consideration failed and no contract was formed.

### FOURTH AFFIRMATIVE DEFENSE
### No Contract to Amend

CirTran's counterclaim rests exclusively on the enforceability, or lack thereof, of the amendments dated February 13, 2013. However, as already demonstrated, the Agreement was void so there existed no contract to amend. CirTran, therefore, seeks to enforce a nullity.

### FIFTH AFFIRMATIVE DEFENSE
### Parties' Own Actions

The obtaining of a legally defensible use of the name "Playboy" and the bunny logo were indispensible elements of Noble Gate's business plan. The failure to provide use of the name and logo hamstrung any chance of success for the venture. Thus, any harm CirTran experienced was caused by its own failure to provide Noble Gate with a critical element of success.

### SIXTH AFFIRMATIVE DEFENSE
### Supervening Cause

The failure to provide Noble Gate with legally valid usage of the name and logo was the proximate cause of any harms to CirTran. Ergo, the litigation and bankruptcy and that divested

CirTran and Play Beverages of the right to license the name and logo was the actual, supervening cause of any harms to CirTran or Play Beverages.

### SEVENTH AFFIRMATIVE DEFENSE
### Prior Breach by Counterclaimant

Failing to provide a legally valid use of the name and logo constituted a breach of the Agreement by CirTran and Play Beverages. Accordingly, CirTran was already in breach long before any possible breach by Noble Gate.

### EIGHTH AFFIRMATIVE DEFENSE
### Failure of Condition Precedent

Noble Gate obtaining proper authorization to use the "Playboy" name and the bunny logo was a condition precedent to all other aspects of the Agreement. Accordingly, when CirTran and Play Beverages failed to produce the authorization, the remainder of the Agreement, including the February 13, 2013 amendments, ceased to be enforceable.

### NINTH AFFIRMATIVE DEFENSE
### Frustration of Purpose

By not delivering appropriate authorization for the name and logo, CirTran and Play Beverages frustrated Noble Gate's ability to deliver on its obligations under the Agreement.

### TENTH AFFIRMATIVE DEFENSE
### No Causation from Alleged Breach to Damages

Any damages CirTran experienced were caused entirely by the events and acts described in Affirmative Defenses Nos. 5 through 9. Accordingly, any breach by Noble Gate cannot have been the actual and proximate cause of CirTran's harms.

### ELEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

CirTran comes before the court having defrauded Noble Gate. Thus, CirTran has unclean hands and is, accordingly, barred from any equitable consideration by the court.

### TWELFTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

CirTran has not undertaken reasonable efforts to mitigate its damages, if any. Any award should be reduced by the amount damages could have been mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Unjust Enrichment

Noble Gate was defrauded by CirTran. Awarding damages to CirTran for Noble Gate's nonperformance on a contract obtained through fraud would unjustly enrich CirTran.

### RESERVATION OF DEFENSES

Noble Gate reserves the right to amend or supplement these defenses as additional facts are obtained by discovery or other means.

### PRAYER FOR RELIEF

WHEREFORE, Noble Gate prays this court dismiss, with prejudice, the entirety of CirTran's counterclaim and enter an order awarding Noble Gate its costs and attorney fees for having to respond to the counterclaim.

DATED this 14th day of November 2014

/S/ W. Earl Webster
HARWARD & ASSOCIATES
James E. Harward
W. Earl Webster
*Counsel for the Plaintiff/Counterclaim Defendant*