IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NOBLE GATE INDUSTRIAL (SHENZHEN) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CIRTRAN BEVERAGE CORP., a Utah corporation; PLAY BEVERAGES, LLC, and Does 1 to 100, inclusive, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT <br><br><br><br> Case No. 2:14-CV-132 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendants CirTran Beverage Corp. ("CBC") and Play Beverages, LLC's ("PlayBev") (together, "Defendants"), Motion to Dismiss Plaintiff's Complaint. Defendants request this Court dismiss Plaintiff Noble Gate Industrial (Shenzen) Co., Ltd.'s ("Noble Gate") Complaint for failure to prosecute and failure to comply with the Court's Order to appear or appoint new counsel.

## I.     BACKGROUND

Noble Gate filed suit against Defendants on February 25, 2014. Noble Gate was represented by Madison Harbor Attorneys, who were admitted pro hac vice through local Utah counsel, Harward & Associates.[1] On May 29, 2015, both Madison Harbor Attorneys and Harward & Associates moved to withdraw as counsel for Noble Gate.[2] On June 1, 2015, the Court granted both firms' motions to withdraw and ordered Noble Gate to retain new counsel

---

[1] Docket No. 9.

[2] Docket No. 47.

and file a Notice of Appearance within 21 days of the Court's Order.[3]  Noble Gate has failed to comply with the Court's Order and has not appeared with new counsel.

## II.      DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

In determining whether to dismiss an action under Rule 41(b), the Court considers "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[4]

Having considered these factors, the Court finds that Noble Gate's failure to prosecute and comply with the Court's Order warrant dismissal of the action with prejudice.

## III.      CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 50) is GRANTED.

The Court notes that the Clerk of Court has entered a Certificate of Default against Noble Gate on August 7, 2015.  The Court will enter default judgment against Noble Gate on

---

[3] Docket No. 49.

[4] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Defendants' claims.  Defendants are directed to provide a form of final judgment against Noble

Gate to the Court within 14 days of this Order.

DATED this 14th day of September, 2015.

BY THE COURT:

_____

Ted Stewart
United States District Judge